**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **EP-10-CR-03172(3)-DCG** |
| | § | |
| **RODOLFO BRISENO-MARTINEZ,** | § | |
| | § | |
| *Defendant*. | § | |

**ORDER DENYING DEF.'S MOTION FOR SENTENCE REDUCTION**

On this day, the Court considered Defendant Rodolfo Briseno-Martinez' ("Defendant") "Request for Compassionate Release Due to COVID-19" (ECF No. 448) ("Motion") filed on January 7, 2021, and the Government's "Response to Defendant Sentence-Reduction Motion" (ECF No. 450) ("Response") filed on January 12, 2021, in the above-captioned cause. Therein, Defendant moves the Court to appoint counsel to prepare a motion for a sentence-reduction pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), based on the exigent circumstances presented by the COVID-19 pandemic. The Court construes Defendant's motion to seek two types of relief: the appointment of counsel and, alternatively, a sentence reduction pursuant to § 3582(c)(1)(A). After careful consideration of the issue, the Court **DENIES** Defendant's Motion.

**I.   BACKGROUND**

Defendant is a 44-year-old male serving a sentence of 164 months, having pleaded guilty to conspiracy to possess with an intent to distribute more than five kilograms of cocaine and conspiracy to possess firearms in furtherance of drug trafficking crimes. Am. J. Crim. Case 1, ECF No. 297, Jan. 4, 2012. He is currently incarcerated at Reeves III Correctional Institution ("Reeves CI") located in Pecos, Texas. *See* Fed. Bureau of Prisons ("BOP"), Find an Inmate,

https://www.bop.gov/inmateloc/ (search Reg. No. 96402-004) (last visited June 2, 2021). Defendant is scheduled to be released on October 16, 2022. *Id.* To date, Defendant has served approximately 120 months, or 75%, of his sentence.

Defendant was a manager and supervisor of a large drug trafficking organization ("DTO") based in El Paso, Texas. Presentence Investigation Report ("PSR") ¶19, ECF No. 255, Oct. 18, 2011. In 2010, an investigation conducted by multiple federal agencies revealed Defendant's participation in the DTO. *Id.* ¶ 26. As a senior member of the DTO, Defendant was responsible for transporting and storing bulk quantities of marijuana and cocaine. *Id.* ¶ 19. Additionally, Defendant was responsible for "deliver[ing] firearms and drug proceeds to the Sinaloa Drug Trafficking Organization." *Id.* The agent that prepared Defendant's PSR determined that Defendant was accountable for "503.49 kilograms of marijuana . . . 250 kilograms of cocaine, and a bevy of firearms, including but not limited to forty AK-47 rifles, four sniper rifles, a .50 caliber rifle, and one AT4 missile launcher." *Id.* ¶¶ 23–24.

Following his arrest, Defendant disclosed his participation in the DTO and entered a timely guilty plea. *Id.* ¶ 75. Based on a total offense level of 42 and a criminal history category of II, Defendant's guideline imprisonment range was between 360 months to life, with a mandatory minimum sentence of 10 years' imprisonment.

On October 26, 2011, the Court sentenced Defendant to a term of 204 months' imprisonment for both counts to be served consecutively. Am. J. Crim. Case. 2. In explaining its downward departure from the guideline range, the Court cited Defendant's substantial assistance to the Government as a mitigating factor. Statement of Reasons, ECF No. 275, Oct. 27, 2011.

On March 28, 2016, the Court reduced Defendant's sentence from 204 months to 164 months pursuant to 18 U.S.C. § 3582(c)(2).  Order Regarding Mot. for Sentence Reduction, ECF No. 398, Mar. 28, 2016.  The reduction was deemed appropriate based on ex post facto change to the sentencing guidelines.

## II.   LEGAL STANDARDS

### A.   Appointment of Counsel

Defendants are not constitutionally entitled to appointed counsel in post-conviction proceedings.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Courts may appoint counsel in post-conviction proceedings when the interests of justice so require.  *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008).  The interests of justice do not require that counsel be appointed where a defendant's motion does "not involve complicated or unresolved issues."  *See United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010).

### B.   Compassionate Release

"As a general rule, federal courts 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Franco*, 973 F.3d 465 (5th Cir. 2020) (per curiam), *petition for cert. denied*, 141 S. Ct. 920 (2020) (quoting 18 U.S.C. § 3582(b)).  However, Congress, by passing the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), created an exception to this rule and empowered courts to "reduce or modify a term of imprisonment 'if extraordinary and compelling reasons warrant such a reduction.'"  *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

Before reducing an inmate's sentence, a court must consider "the factors set forth in section 3553(a) to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).  "Congress has instructed sentencing courts to impose sentences that are 'sufficient, *but not greater than*

3

*necessary*, to comply with' (among other things) certain basis objectives, including the need for just punishment, deterrence, protection of the public, and rehabilitation." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 765–66 (2020) (quoting 18 U.S.C. § 3553(a)(2)).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." However, the Court "may not modify a term of imprisonment once it has been imposed: unless the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

### III.   DISCUSSION

#### A.   Motion for Appointment of Counsel

After careful consideration, the Court joins the majority of its sister courts in ruling that the facts and legal issues in a motion for compassionate release are not considered complex. *See United States v. Hudson*, CR 14-282, 2020 WL 7364484, at *2 (E.D. La. Dec. 15, 2020); *United States v. Filbey*, Cause No.: 2:13-CR-26-JVB-APR, 2020 WL 3468181, at *1 (N.D. Ind. June 25, 2020); *United States v. Jaramillo*, No. 04-cr-919-RB, 2020 WL 3448050, at *1 (D.N.M. June 24, 2020); *United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020) (collecting appellate cases); *United States v. Vasquez*, Criminal No. 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020). Accordingly, the Court finds that the interests of justice do not require the Court to appoint counsel in this case.

#### B.   Motion for Sentence Reduction

To obtain a sentence reduction, Defendant must demonstrate that (1) he has exhausted administrative remedies, (2) his circumstances are extraordinary and compelling, (3) his release is warranted in light of the applicable sentencing factors, and (4) his release would not endanger any other person or the community.

To begin, the Court finds that Defendant has failed to carry his burden of establishing that he has exhausted his administrative remedies. Defendant does not allege that he petitioned BOP for a sentence reduction, nor has he submitted any evidence to that effect. Consequently, the plain language of § 3582(c)(1)(A) pretermits the Court's consideration of Defendant's Motion.

Moreover, assuming Defendant had sastified the exhaustion requirement, his Motion fails on the merits, as he has failed to demonstrate the existence of extraordinary and compelling circumstances. Defendant's general concerns about COVID-19 infection are insufficient to support compassionate release. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID[-19] doesn't automatically entitle a prisoner to release."); *accord United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) *as revised* (Apr. 8, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Finally, the Court notes that Defendant has failed to address how the sentencing factors in 18 U.S.C. § 3553(a) can be reconciled with a reduction in his sentence. Defendant was initially sentenced to a term of 204 months, a sentence below the mandatory minimum imposed by statute for the offenses he committed. The PSR reveals that Defendant was a senior member in a drug trafficking organization responsible for an extraordinary quantity of drugs and firearms. Given the seriousness of his offense, the Court cannot find that the sentencing factors can be reconciled

with Defendant's request for immediate relief. Defendant has failed to carry his burden of justifying his request for immediate release in light of the applicable sentencing factors.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Rodolfo Briseno-Martinez' Request for Compassionate Release Due to COVID-19 (ECF No. 448) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL** mail Defendant a copy of this Order by any receipted means at the address indicated in Defendant's most recent filing.

SIGNED AND ENTERED this <u>19th</u> day of July, 2021.

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**